UNITED STATES of America,
Plaintiff–Appellee,

v.

Jeffrey James DENNIS; Darren Kevin Hunter, Defendants–Appellants.

Nos. 99–50643, 99–50650.
D.C. Nos. CR–98–00556–MMM–1, CR–98–00556–MMM–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2001.

Decided Feb. 28, 2001.

Before PREGERSON, CANBY, and THOMPSON, Circuit Judges.

MEMORANDUM *

Jeffrey Dennis and Darren Hunter appeal various aspects of their convictions relating to two bank robberies that they committed in 1998.[1] The parties are familiar with the facts, which will not be repeated here. We affirm.

## I. Dennis' Appeals

■ Dennis' contention that the district court erred in denying his motion to sever the trial of the two bank robberies is not reviewable on appeal, because he neither renewed the severance motion at the close of evidence, nor otherwise diligently pursued the motion. *See United States v. Plache,* 913 F.2d 1375, 1378 (9th Cir.1990).

■ There was sufficient evidence to convict Dennis of knowingly using a firearm during the first bank robbery, in violation of 18 U.S.C. § 924(c). Dennis had conspired to rob the bank with Hunter,

and Dennis was therefore vicariously liable for any of Hunter's reasonably foreseeable acts carried out in furtherance of the conspiracy. *See Pinkerton v. United States,* 328 U.S. 640, 646–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). As the robbery here was a "takeover" robbery, it was reasonably foreseeable that Hunter would use a gun, because takeover robberies generally "require some credible threat of deadly force." *United States v. Dixon,* 982 F.2d 116, 120 (3d Cir.1992). Consequently, the district court did not err in denying Dennis' Rule 29 motion on this count.

## II. Hunter's Appeals

■ The pre-trial identification procedures used to identify Hunter did not violate his right to due process. The field show-up identification procedure employed was similar to those validated by this court in prior cases, and was not impermissibly suggestive. *See, e.g., United States v. Bagley,* 772 F.2d 482, 492–93 (9th Cir. 1985); *United States v. Kessler,* 692 F.2d 584, 585 (9th Cir.1982). The government did not need to demonstrate exigent circumstances to justify the use of a field show-up. *Kessler,* 692 F.2d at 585. Nor was there anything improper about the photo spread identification of Hunter. That Hunter was wearing a mask during the May 8 robbery, but was not depicted wearing a mask in the photo spread, did not make the layout impermissibly suggestive. Rather, the fact that Hunter wore a mask on the May 8 robbery served only to weaken the reliability of the identification made on the basis of the photo spread,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. At trial, the jury found Dennis and Hunter guilty of all five counts with which they had been charged, which were: 1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; 2) two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d); and 3) two counts of knowingly using and carrying a firearm during and in relation to crimes of violence, in violation of 18 U.S .C. § 924(c).

which Hunter was free to point out on cross-examination.[2]

Hunter's contention that the district court erred in denying his motion to sever the trial of the two bank robberies is not reviewable on appeal, because he neither renewed the severance motion at the close of evidence, nor otherwise diligently pursued the motion. *See Plache*, 913 F.2d at 1378.

There was ample evidence for a rational jury to have convicted Hunter on all counts. Eye witnesses from the robberies identified Hunter at trial and before trial as one of the men who robbed the bank on both occasions. These identifications were corroborated by the fact that surveillance photos taken at the first robbery clearly revealed Hunter's face as one of the robbers, and also by the fact that Hunter was caught red-handed after the second bank robbery, fleeing from the getaway vehicle (which held exploded dye packs, bait money, the ski masks used, and over $8,000 in cash) after a high speed chase with the police. There was eyewitness testimony that Hunter had used a gun during the first robbery, evidence that Dennis had used a gun during the second robbery, and evidence that the robberies were carried out in a fashion that logically required advanced planning. Taken together, this evidence was sufficient for the jury to find that Hunter: 1) conspired with Dennis to rob the bank, 2) committed two acts of armed bank robbery, and 3) knowingly used a gun in committing both robberies (the latter count supported under a *Pinkerton* theory in connection with Dennis' use of the gun). Consequently, the district court properly denied Hunter's Rule 29 motion.

■ Finally, the district court did not err in denying Hunter a downward adjustment on the basis of his role in the offenses, under U.S.S.G. § 3B1.2(b).[3] The district court properly concluded that Hunter was "no mere onlooker" in these crimes, and supported this conclusion with evidence in the record that Hunter had admitted to a defense psychologist after his conviction that he had been the one to convince his uncle, Mr. Dennis, to carry out the robberies. Consequently, there was nothing improper about the district court's conclusion that Hunter was not entitled to a penalty adjustment for playing a minor role in the offenses.

AFFIRMED.

---

2. Hunter's other arguments concerning the photo spread were either factually incorrect or waived. First, there was no basis for the contention that witnesses viewed surveillance photos from the bank robbery while simultaneously looking at the photo spread. Second, by failing to argue in his opening brief that there was something unnecessarily suggestive about the clothing worn in the photo, Hunter waived this argument. *See Greenwood v. Federal Aviation Admin.*, 28 F.3d 971, 977 (9th Cir.1994). ("We review only issues which are argued specifically and distinctly in a party's opening brief."). In any event, our review of the photo spread satisfies us that the clothing was not impermissibly suggestive.

3. Sentencing guideline § 3B1.2(b) provides for a downward adjustment of two levels in a defendant's sentence if "the defendant was a minor participant in any criminal activity," where a minor participant is defined as a person "who is less culpable than most other participants." U.S.S.G. § 3B1.2, cmt. n. 3.